## Case No. 8,172.

### LEAVITT et al. v. JEWETT et al.

[11 Blatchf. 419.] 1

Circuit Court, S. D. New York. Dec. 31, 1873.

COLLISION—STEAM AND SAIL VESSELS — PRESUMPTION—IRRECONCILABLE TESTIMONY.

Where, in a suit by the owners of a schooner against a steamer, to recover for the damage done to the former by a collision with the latter, the testimony is irreconcilable, and is nearly evenly balanced on the question as to whether the

1 [Reported by Hon. John McLean, Circuit Justice.]

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

schooner changed her course, the rules must be applied that it was the duty of the steamer to keep out of the way of the schooner, that the steamer is presumptively responsible for the collision, that the burden of excusing it rests upon her, and that, where the only excuse set up is, that the schooner changed her course, so as to defeat measures taken by the steamer to avoid the schooner, it is not enough for the steamer to create a doubt on the question, but she must establish such excuse satisfactorily.

[Cited in The Herbert Manton, Case No. 6,399; Farr v. The Farnley, 1 Fed. 637; The Florence P. Hall, 14 Fed. 417; The J. D. Peters, 42 Fed. 269.]

[Appeal from the district court of the United States for the Southern district of New York.

[This was a libel by Francis W. Leavitt and others against George W. Jewett and others to recover for damages sustained by a collision.]

Robert D. Benedict, for libellants.
Charles Donohue, for respondents.

WOODRUFF, Circuit Judge. The testimony in this case is utterly irreconcilable, and any conclusion founded solely upon a weighing of the testimony on each side is very difficult, if not impossible. The fact, however, that the libellants' schooner was, before there is any claim or pretence that she changed her course, on a course north by east, up the bay, is not only testified by the witnesses on board, but is expressly admitted by the answer of the respondents. She was bound for Jersey City, or the flats in that vicinity, from the easterly side of the channel, as she passed the Narrows. This would make her proper course slightly across the channel and in the direction so stated and admitted. The respondents' steamer came out of the East river, down the bay, and rounded Governor's Island. It seems inevitable, notwithstanding the testimony of her witnesses, that, as the bay below Governor's Island opened to her view, the green light of the schooner must have been visible; and yet none of those navigating the steamer, according to their testimony, saw it. They could not see her red light unless nor until the steamer had passed to the westward of the course of the schooner, and had actually crossed her bows. That they saw the schooner off their port bow is quite possible; and it is quite possible that by that fact they were misled in their judgment that the schooner would pass them on their port side; but, her being seen on their port side would not enable them to see her red light until they had crossed her course, before which, for a decided interval, they ought to have seen her green light. If, on the other hand, the steamer did cross the schooner's course, so as to bring her red light into view, and did, as the steamer's witnesses say, continue on the same or a still more westerly course thence onward till the collision, the schooner must not only have changed her course, but must, when there was no danger of collision, have run away from the point to which she was bound, left her proper course towards that point, and, wholly without cause, not even in any sudden exigency or alarm, have thrust herself into extreme peril. These considerations may not be conclusive of error on the part of the witnesses from the steamer, nor do they conclusively establish fault in the steamer, but they tend in that direction, and are of some significance when, upon the face of the testimony, the witnesses so decidedly contradict each other, and produce so nearly an even balance, if the witnesses on either side were entitled to equal credit.

In circumstances of doubt like those here exhibited, I am compelled to apply the rules which are suggested in the opinion below. It was the duty of the steamer to keep out of the way of the sailing vessel, which was seen by her, or ought to have been seen by her, at a sufficient distance, and where the room was abundant for any movement which the steamer desired to make for the purpose. She did not avoid the schooner. For the collision which ensued she is presumptively responsible. The burden of excusing the collision rests upon her. She has attempted such excuse by imputing to the schooner a change of course, defeating her own measures, claimed to have been properly taken. Such change of course is denied by the witnesses from the schooner, one of whom testifies from the compass of his vessel. It is not enough that the steamer has created a doubt upon this sole ground of defence.

I admit that there is room for hesitation, but, after a very anxious consideration of the case, upon all the testimony, I am constrained to conclude that the defence is not satisfactorily established. The libellants must have a decree, in affirmance of the decision of the court below, with costs of the appeal.